MCGREGOR W. SCOTT
United States Attorney
KENDALL J. NEWMAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2821

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil No. |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| v. ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| UNION PACIFIC RAILROAD COMPANY, ) | |
| ) | |
| Defendant. ) | |

Plaintiff United States of America, by and through its undersigned counsel, complains of defendant and alleges as follows:

<u>Jurisdiction and Venue</u>

1.   This is a civil action under federal and California law, including federal and California common law, California Health and Safety Code §§ 13007-13009.1, California Civil Code § 1714(a), California Public Resources Code §§ 4291, 4427, 4431, and 4435, Title 36, Code of Federal Regulations, § 261.5, 31 U.S.C. §§ 3711 and 3717, and Title 14, California Code of Regulations, § 1293, for monetary damages incurred by the United States in connection with the "Storrie Fire," which ignited on or about August 17, 2000, in or

1

about National Forest System lands in Plumas County, California.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.

3. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b).

## The Parties

4. Plaintiff United States of America, as sovereign, owns National Forest System lands in Plumas and Lassen counties which are under the supervision, control, administration, and protection of the United States Department of Agriculture, Forest Service ("Forest Service").

5. Defendant Union Pacific Railroad Company ("Union Pacific"), is, and was at all times herein pertinent, a company doing business in the state of California. The Storrie Fire started on or adjacent to lands under the management and control of defendant Union Pacific, and as a result of the conduct of employees of Defendant Union Pacific.

## General Allegations

6. On or about August 17, 2000, between approximately 12:40 and 1:10 p.m., the Storrie Fire ignited in a forested portion of the Feather River Canyon, above Storrie, California, east of mile post 251 and within the fire protection boundaries of the Plumas National Forest. The fire burned over 56,000 acres before it was suppressed, including over 52,000 acres of National Forest System lands within the Plumas and Lassen National Forests.

7. The Storrie Fire ignited during a mid-day repair operation in which Union Pacific track maintenance workers used devices to repair a stretch of Defendant's track, including a drill, saw, and

2

grinder.  At or around the time of the repair, the temperature was approximately 98 degrees, with about twelve percent relative humidity and a southerly wind of about 7 miles per hour, with higher gusts.

8.  Five of Defendant's employees were involved in performing the track repair and used machinery, including a drill, grinder, and saw.  In operating the machinery, and at all other times herein pertinent, the employees acted within the course and scope of their employment and were the agents and servants of Defendant Union Pacific.

9.  During the repair, at or around 12:30 p.m., Union Pacific employees Vince Pinedo and Allen Stepp mounted the high-speed saw and cut through the rail.  Pinedo held a shovel behind the saw in an effort to stop sparks from flying.  No proper spark guard or shield was used.  Just after they completed the cutting, they noticed a small fire burning in dried oak leaves on the north side of the track at the edge of the ballast.  The fire was located approximately 15 feet in direct alignment from the repair site.

10.  Two other Union Pacific employees on site, Harry Powell and Dave Nolan, attempted to extinguish the fire with water-type back-pack pumps, and by scooping up the burnt material and placing it on the ballast.  The Union Pacific crew remained at the repair site to complete the track repair for at most fifteen to twenty minutes after the fire was discovered.  A Union Pacific supervisor was notified of the fire, but instructed the work crew to leave the ignition site because the crew had more repairs to complete, and Union Pacific did not want to pay overtime to the employees.

11.  The Union Pacific employees left the site at or around

12:54 p.m., as an eastbound Burlington Northern Santa Fe train was due to pass by within 16 minutes. No fire line was drawn, no report was made to the Forest Service, and no fire watch was posted.

12. The Burlington Northern train passed by, as scheduled, about 15 minutes after the crew departed. This was the first train to cross the area of the repaired track since the arrival of the Union Pacific work crew that day. As the train passed through the area, it created wind turbulence that aided in the ignition and combustion of the fire by providing a flow of oxygen and stirring ignition sources, such as unextinguished and smoldering ash and embers, which subsequently ignited fuels, such as leaves and grass.

13. The fire spread to 56,000 acres, damaging over 52,000 acres of National Forest System land, before it could be suppressed.

14. After learning of the Storrie Fire ignited by Defendant Union Pacific, the Forest Service suppressed the fire at a great cost to Plaintiff. The damages to the United States include, but are not limited to, the costs of fire suppression, the costs of rehabilitation and reforestation of the burned areas, future costs of rehabilitation and reforestation of the burned areas, loss of timber, loss of existing plantations, loss of wildlife, loss of archaeological resources, loss of habitat for endangered and other species, and loss of scenic and environmental value. The amount of these damages are to be proved at the time of trial.

### First Cause of Action

(Negligence)

15. Plaintiff re-alleges paragraphs 1 through 14, inclusive, as though fully and completely set forth here.

16. Defendant Union Pacific was negligent in causing the

Storrie Fire in, including but not limited to, the following particulars:

    a.  Conducting track repairs, including operation of machines and devices, such as a drill, saw, and grinder, during the middle of the day at a time and place where the weather was hot, dry and windy, within an area containing flammable vegetation, such that Defendant knew or should have known that such operation would likely ignite a fire;

    b.  Operating a device known to cause sparks without the use of an adequate spark shield;

    c.  Failing to clear all flammable materials from the area; and

    d.  Failing to take every reasonable precaution to extinguish the fire started by Defendant when Defendant knew, or should have known, that the fire, if not fully extinguished, would burn out of control on National Forest System lands, including, but not limited to:

        i.  Failing to apply water with a surfactant agent to the fire;

        ii. Failing to fully extinguish the fire by repeatedly turning over the smoldering material and applying a wetting agent;

        iii. Failing to draw a fire line;

        iv.  Failing to post a fire watch despite Defendant's knowledge that a train would be passing the site within minutes, such that Defendant knew or should have known that the turbulent air created by the passing train would likely re-ignite the fire;

        v.  Failing to report the fire to the Forest Service or any other fire fighting authorities; and

5

vi. Violating and failing to follow Defendant's own policies and procedures.

17. Defendant's negligence was the proximate cause of the damages sustained by the United States from the Storrie Fire.

## Second Cause of Action

(Negligence and Negligence Per Se under Cal. Public Resources Code § 4427 and Cal. Code of Regulations § 1293)

18. Plaintiff re-alleges paragraphs 1 through 17, inclusive, as though fully and completely set forth here.

19. Defendant further acted negligently and also in violation of law, specifically violation of California Public Resources Code §§ 4427, 4431 and Title 14, California Code of Regulations, § 1293, because it failed to clear all flammable material within 10 feet of the repair operation in which Defendant used a machine or device from which a spark, fire or flame could originate, including a drill, saw, and grinder.

20. Defendant failed to meet even the minimum standards of Title 14, California Code of Regulations, § 1293, because it failed to clear the right-of-way of flammable material that, by its physical arrangement or accumulation, contributed to the propagation of a railroad-caused fire.  Through its negligent acts and omissions, and violations of law, Defendant ignited uncleared vegetation within 10 feet of the repair site, which caused the Storrie Fire to ignite and proximately caused the damages sustained by the United States.

## Third Cause of Action

(Liability under Cal. Public Resources Code § 4435)

21. Plaintiff re-alleges paragraphs 1 through 17, inclusive,

as though fully and completely set forth here.

22. Powered saws, drills, and grinders, are "devices which may kindle a fire," within the meaning of California Public Resources Code § 4435.

23. Pursuant to California Public Resources Code § 4435, the ignition of the fire is prima facie evidence of Defendant's negligence in the maintenance, operation or use of such machines and devices. Defendant's negligence was the proximate cause of the damages sustained by the United States from the Storrie Fire.

### Fourth Cause of Action

(Liability under Cal. Health & Safety Code §§ 13007, et seq.)

24. Plaintiff re-alleges paragraphs 1 through 17, inclusive, as though fully and completely set forth here.

25. On or about August 17, 2000, Defendant negligently and/or in violation of the law allowed a fire kindled by it to escape to the surrounding National Forest System lands within the Plumas and Lassen National Forests.

26. The fire destroyed the United States' property, causing damages as specified herein and as will be proved at trial.

27. Defendant is liable for all such damages to the United States pursuant to the law including, but not limited to, California Health & Safety Code §§ 13007, et seq.

### Fifth Cause of Action

(Trespass by Fire)

28. Plaintiff re-alleges paragraphs 1 through 17, inclusive, as though fully and completely set forth here.

29. On or about August 17, 2000, Defendant negligently and/or in violation of the law allowed a fire kindled by it to escape to

the surrounding National Forest System lands within the Plumas and Lassen National Forests.

30. The fire destroyed the United States' property, including severe damage to over 52,000 acres of forest land.

31. As a result of Defendant's trespass by fire upon the surrounding National Forest System lands within the Plumas and Lassen National Forests, the United States has incurred damages as specified herein and as will be proved at trial.

### Sixth Cause of Action
(Claim for Interest, Penalties, Investigative, Administrative, and Collection Costs)

32. Plaintiff re-alleges paragraphs 1 through 17, inclusive, as though fully and completely set forth here.

33. Pursuant to California Health and Safety Code §§ 13009 and 13009.1, and Title 31, United States Code, § 3717, Plaintiff is entitled to recover its administrative, investigative, accounting and collection costs, as well as interest and late payment charges, in addition to its resource damages and fire suppression costs arising from the Storrie Fire.

34. Plaintiff has made repeated demands upon Defendant for payment of costs and damages incurred by the United States due to the Storrie Fire. No part of the sum demanded by Plaintiff has been paid by Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant Union Pacific as follows:

1. For payment of fire suppression costs and resource damages arising from the Storrie Fire (including, but not limited to, the costs of fire suppression, the costs of rehabilitation and

8

reforestation of the burned areas, future costs of rehabilitation and reforestation of the burned areas, loss of timber, loss of existing plantations, loss of wildlife, loss of habitat for endangered and other species, loss of archaeological resources, and loss of scenic and environmental value), plus interest and penalties in an amount to be determined at trial;

    2.   For recovery of Plaintiff's investigative, accounting, collection and administrative costs arising from the fire;

    3.   For other costs and fees; and

    4.   For such other and further relief as the Court deems just and proper.

<u>Demand for Jury Trial</u>

Plaintiff hereby demands that this matter be tried before a jury.


Dated: <u>August 8, 2006</u>        McGREGOR W. SCOTT
                                      United States Attorney

                                    By: <u>/s/ KENDALL J. NEWMAN</u>
                                        KENDALL J. NEWMAN
                                        Assistant U.S. Attorney
                                        Chief, Civil Affirmative Section