SUSAN M. KEENEY (Cal. Bar No. 60747)
MAUREEN E. MCTAGUE (Cal. Bar No. 178574)
RYAN C. DONLON (Cal. Bar No. 229292)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
UNION PACIFIC RAILROAD COMPANY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:06-CV-01740-FCD-KJM |
| Plaintiff, | **ANSWER TO COMPLAINT AND DEMAND FOR TRIAL BY JURY** |
| vs. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

COMES NOW DEFENDANT UNION PACIFIC RAILROAD COMPANY ("Defendant" or "Union Pacific"), and answers the complaint of plaintiff United States of America ("Plaintiff") as follows:

### JURISDICTION AND VENUE

1.  In answer to paragraph number 1 of the complaint, Defendant admits all allegations contained therein, except insofar that Plaintiff alleges it suffered any damages, that Defendant breached any duty, whether statutory or otherwise, or that Defendant caused Plaintiff to be damaged in any way.

2.  In answer to paragraph number 2 of the complaint, Defendant admits the allegations contained therein.

3.  In answer to paragraph number 3 of the complaint, Defendant admits the allegations contained therein.

THE PARTIES

4. In answer to paragraph number 4 of the complaint, Defendant has insufficient information or knowledge to enable it to admit the allegations in this paragraph and on that basis denies them.

5. In answer to paragraph number 5 of the complaint, Defendant admits that it is, and at all times herein pertinent was, a company doing business in the state of California. In further answer to paragraph number 5 of the complaint, Defendant has insufficient information or knowledge to enable it to admit the allegations that the Storrie Fire started on or adjacent to lands under Defendant's management or control. In further answer to paragraph number 5 of the complaint, Defendant denies that the Storrie Fire started as a result of the conduct of Defendant's employees.

GENERAL ALLEGATIONS

6. In answer to paragraph number 6 of the complaint, Defendant has insufficient information or knowledge to enable it to admit the allegations in this paragraph and on that basis denies them.

7. In answer to paragraph number 7 of the complaint, Defendant admits that its workers used devices to repair a stretch of Defendant's track, including a drill and a saw. In further response to paragraph number 7 of the complaint, Defendant has insufficient information or knowledge to enable it to admit to the use of a grinder, and on that basis denies the allegation. In further answer to paragraph 7 of the complaint, Defendant denies that the Storrie Fire ignited during this repair operation. In further answer to paragraph 7 of the complaint, Defendant has insufficient information or knowledge to enable it to admit the allegations that at or around the time of the repair, the temperature was approximately 98 degrees, with about twelve percent relative humidity and a southerly wind of about 7 miles per hour, with higher gusts, and on that basis denies them.

8. In answer to paragraph number 8 of the complaint, Defendant admits that Defendants employees were involved in performing the track repair and used machinery, including a drill and saw, and that Defendant's employees so acted within the course and scope of

their employment and were the agents and servants of Defendant. In further answer to paragraph number 8 of the complaint, Defendant has insufficient information or knowledge to enable it to admit the allegation that Defendant's employees used a grinder, and on that basis denies the allegation.

9.  In answer to paragraph number 9 of the complaint, Defendant admits that during the repair, at or around 12:30 p.m., Defendant's employees used a saw and cut through a rail, that Defendant's employee held a shovel behind the saw in an effort to stop sparks from flying, and that just after Defendant's employees completed cutting, they noticed a small fire, which they completely extinguished. In further answer to paragraph number 9 of the complaint, Defendant denies that no proper spark guard or shield was used. In further answer to paragraph number 9 of the complaint, Defendant has insufficient information or knowledge to enable it to admit the allegations that the fire was located approximately 15 feet in direct alignment from the repair site, and on that basis denies the allegation.

10.  In answer to paragraph number 10 of the complaint, Defendant admits that Defendant's employees completely extinguished the fire by means which included, but were not limited to using water-type back-pack pumps, and by scooping up the burnt material and placing it on the ballast. Defendant's employees completely extinguished the fire. In further answer to paragraph number 10 of the complaint, Defendant admits that Defendant's employees remained at the repair site to complete the track repair, but denies the allegation that Defendant's employees remained at the site for "at most" for fifteen to twenty minutes after the fire was discovered. In further answer to paragraph number 10 of the complaint, Defendant denies that a Union Pacific supervisor was notified of the fire, or that said supervisor instructed the work crew to leave the ignition site because the crew had more repairs to complete, and Union Pacific did not want to pay overtime to the employees.

11.  In answer to paragraph number 11 of the complaint, Defendant admits the allegations in this paragraph.

12.  In answer to paragraph number 12 of the complaint, Defendant admits that a Burlington Northern train passed by, as scheduled, after the crew departed, and that this was the

-3-

first train to cross the area of the repaired track since the arrival of the Union Pacific work crew that day. In further answer to paragraph number 12 of the complaint, Defendant denies that as the train passed through the area, it created wind turbulence that aided in the ignition and combustion of the fire by providing a flow of oxygen and stirring ignition sources, such as unextinguished and smoldering ash and embers, which subsequently ignited the fuels, such as leaves and grass, and on that basis denies them.

13. In answer to paragraph number 13 of the complaint, Defendant denies the allegations contained in that paragraph.

14. In answer to paragraph number 14 of the complaint, Defendant denies the allegations contained in that paragraph.

## ANSWER TO PLAINTIFF'S FIRST CAUSE OF ACTION

15. In answer to paragraph number 15 of the complaint, Defendant re-alleges paragraphs 1-14, inclusive, as though fully and completely set forth here.

16. In answer to paragraph number 16 of the complaint, Defendant denies the allegations contained in that paragraph and each sub-paragraph.

17. In answer to paragraph number 17 of the complaint, Defendant denies the allegations contained in that paragraph.

## ANSWER TO PLAINTIFF'S SECOND CAUSE OF ACTION

18. In answer to paragraph number 18 of the complaint, Defendant re-alleges paragraphs 1-17, inclusive, as though fully and completely set forth here.

19. In answer to paragraph number 19 of the complaint, Defendant denies the allegations contained in that paragraph.

20. In answer to paragraph number 20 of the complaint, Defendant denies the allegations contained in that paragraph.

## ANSWER TO PLAINTIFF'S THIRD CAUSE OF ACTION

21. In answer to paragraph number 21 of the complaint, Defendant re-alleges paragraphs 1-20, inclusive, as though fully and completely set forth here.

22. In answer to paragraph number 22 of the complaint, Defendant denies the allegations contained in that paragraph.

23. In answer to paragraph number 23 of the complaint, Defendant denies the allegations contained in that paragraph.

## ANSWER TO PLAINTIFF'S FOURTH CAUSE OF ACTION

24. In answer to paragraph number 24 of the complaint, Defendant re-alleges paragraphs 1-23, inclusive, as though fully and completely set forth here.

25. In answer to paragraph number 25 of the complaint, Defendant denies the allegations contained in that paragraph.

26. In answer to paragraph number 26 of the complaint, Defendant denies the allegations contained in that paragraph.

27. In answer to paragraph number 27 of the complaint, Defendant denies the allegations contained in that paragraph.

## ANSWER TO PLAINTIFF'S FIFTH CAUSE OF ACTION

28. In answer to paragraph number 28 of the complaint, Defendant re-alleges paragraphs 1-27, inclusive, as though fully and completely set forth here.

29. In answer to paragraph number 29 of the complaint, Defendant denies the allegations contained in that paragraph.

30. In answer to paragraph number 30 of the complaint, Defendant denies the allegations contained in that paragraph.

31. In answer to paragraph number 31 of the complaint, Defendant denies the allegations contained in that paragraph.

## ANSWER TO PLAINTIFF'S SIXTH CAUSE OF ACTION

32. In answer to paragraph number 32 of the complaint, Defendant re-alleges paragraphs 1-31, inclusive, as though fully and completely set forth here.

33. In answer to paragraph number 33 of the complaint, Defendant denies the allegations contained in that paragraph.

34. In answer to paragraph number 34 of the complaint, Defendant denies the allegation that Plaintiff has made repeated demands upon Defendant for payment of costs and damages incurred by the United States due to the Storrie Fire. In further answer to paragraph number 34 of the complaint, Defendant admits that it has paid nothing to Plaintiff.

## AFFIRMATIVE DEFENSES

35. The Complaint, and each and every cause of action therein fails to state a claim against Defendant upon which relief can be granted.

36. Plaintiff is barred from recovery by the doctrine of laches.

37. Plaintiff is barred from recovery by the doctrine of unclean hands.

38. Any recovery to which Plaintiff is otherwise entitled must be barred, apportioned, offset, and/or reduced by its own polices, fault, negligence, and/or unlawful conduct, which was the substantial, active and primary cause of its damages, if any there were.

39. Any recovery to which Plaintiff is otherwise entitled must be apportioned, offset, and/or reduced by the fault, negligence, and/or unlawful conduct of third parties, whose fault, negligence, and/or unlawful conduct is substantial, active and primary, and Defendant, whose fault, negligence, and/or unlawful conduct, if any, was passive and secondary, is entitled to contribution and/or indemnity from said third parties.

40. Any damages that Plaintiffs sustained were not actually and/or proximately caused by this Defendant.

41. Any damages the Plaintiffs sustained were caused by the intervening and superseding acts of Plaintiff and/or third parties, and not by this Defendant.

42. Defendant's conduct at all times confirmed to all applicable statutes, regulations, rules, decisional law, and industry standards.

43. Any recovery sought by Plaintiff must be in accordance with the provisions of substantive California law, including but not limited to the "Fair Responsibility Act of 1986" (commonly known as California Proposition 51), as codified in Civil Code sections 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432.

44. To the extent that Plaintiff's injures, if any there were, were caused by this Defendant's agents, said agents exceeded the scope of their agency and acted without Defendant's knowledge, consent, or authorization.

45. The claims made in the Complaint are barred by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure section 338 and Title 28 United States Code, section 2415.

46. The complaint prays for relief for which the Plaintiff is not entitled.

47. Plaintiff failed to mitigate its damages, if any there were.

48. Plaintiff failed to act reasonably at all times and that it is not entitled to the damages, costs, fees, and other relief that it seeks, in amount and/or kind.

49. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, but as yet unstated, affirmative defenses available, and accordingly, Defendant reserves the right to assert additional defenses in the event it becomes aware of further defenses, to seek leave of the court to amend its answer as necessary, and/or to request that its answer conform to the proof later learned through disclosures, discovery, or otherwise.

## PRAYER

WHEREFORE, Defendant hereby prays for relief as hereinafter requested:

1. That Plaintiff take nothing by its Complaint;
2. For fees and costs of suit incurred herein;
3. For such other relief as this court may deem proper and just.

///
///
///
///
///
///
///

## DEMAND FOR JURY TRIAL

As this is a suit in common law and the value in controversy exceeds twenty dollars, Defendant hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States.

DATED: September 6, 2006               SEVERSON & WERSON
                                       A Professional Corporation


                                       By:   **/s/ RYAN C. DONLON**


                                       Attorneys for Defendant UNION PACIFIC
                                       RAILROAD COMPANY

-8-

10791/0040/595063.1                                        ANSWER TO COMPLAINT
                                                     Case No.: 2:06-CV-01740-FCD-KJM