1    SUSAN M. KEENEY (State Bar No. 60747)
     PETER C. LYON (State Bar No. 174019)
2    MAUREEN E. MCTAGUE (State Bar No. 178574)
     RYAN C. DONLON (State Bar No. 229292)
3    SEVERSON & WERSON
     A Professional Corporation
4    One Embarcadero Center, Suite 2600
     San Francisco, CA  94111
5    Telephone:  (415) 398-3344
     Facsimile:  (415) 956-0439
6
7    Attorneys for Defendant
     UNION PACIFIC RAILROAD
     COMPANY
8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12   UNITED STATES OF AMERICA,            Case No.:  2:06-CV-1740 FCD (KJM)

13                  Plaintiff,            **STIPULATION AND ORDER TO
                                          MAINTAIN CONFIDENTIALITY OF
                                          INSURANCE AGREEMENTS
14        vs.                             DISCLOSED PURSUANT TO RULE
                                          26(a)(1)(D) AND RULE 34(b) OF THE
15   UNION PACIFIC RAILROAD COMPANY,      FEDERAL RULES OF CIVIL
                                          PROCEDURE**
16                  Defendants.
                                          **(WITH COURT MODIFICATIONS)**
17

18

19

20

21

22

23

24

25

26

27

28

WHEREAS, the disclosure requirements of rule 26(a)(1)(D) and discovery requests[1] propounded by the UNITED STATES OF AMERICA ("United States") in this action pursuant to rule 34(b) of the Federal Rules of Civil Procedure involve the production of insurance documents containing information which defendant UNION PACIFIC RAILROAD COMPANY ("Union Pacific") deems confidential and proprietary ("Insurance Documents[2]");

WHEREAS, Union Pacific has in its possession the Insurance Documents which are responsive to the United States discovery requests and within the ambit of disclosures rules, and Union Pacific wishes to fully comply with the requirements placed upon it by the Federal Rules of Civil Procedure while maintaining the confidentiality of its Insurance Documents; and

WHEREAS, Union Pacific and the United States mutually wish to establish procedures that would be fair to them, expedite the current discovery process, and facilitate the disposition by this Court of problems that may arise in connection with discovery herein;

---

[1] The United States specifically requested (in Request for Production no. 12) that Union Pacific "[p]roduce all documents related to insurance policies which potentially provide coverage related to the subject fire, including documents that refer or relate to insurance claims submitted by Defendant in connection with the subject fire, all related correspondence, records of payment, or denial of such claims." In response to that request and rule 26 of the Federal Rules of Civil Procedure, Union Pacific agrees to produce "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment…"

[2] Insurance Documents are labeled "UPRR STOR 0003936-0004113."

- 2 -

10791/0040/617841.1

Case No.:  2:06-CV-1740 FCD (KJM)

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED and ORDERED, by and between the undersigned, that:

1.      United States, and their counsel, agree that all documents and information produced or provided to them in this action, shall be used only for purposes necessary to the evaluation and/or resolution of the claims which are the subject matter of this action, and not for any other purpose without further written agreement by them or order of the Court.

2.      The United States may not disclose or make available the Insurance Documents, or the insurance information contained therein, to any person or persons, except to the following, and only then when necessary for the evaluation and/or prosecution of this action:

        (a)     Counsel retained or employed by the United States, to the extent necessary for this action, including the necessary employees or agents of counsel to the United States, assigned to and necessary to assist such counsel in this action;

        (b)     Any officer, employee, agent or counsel of the United States, to the extent necessary for this action; and

        (c)     Any court reporter or typist rendering services for recording or transcribing testimony in this action or any outside independent reproduction or graphics firm rendering reproduction or graphics services in this action;

3.      This stipulation does not affect the rights of Union Pacific with respect to their own documents or information, or constitute an admission by Union Pacific, with respect to the propriety of their disclosure or their relevance, and nothing in this stipulation shall be construed as precluding Union Pacific from objecting to the use of its Insurance Documents or the information contained therein generally.

4.      Within six (6) months after completion of this action and any appeal thereof and the expiration of any further right to appeal with no appeal having been taken, and upon written request by Union Pacific, the Insurance Documents and all copies thereof shall be returned to

- 3 -

10791/0040/617841.1

1  Union Pacific and certified by affidavit as having been returned by the party or person in

2  possession thereof.

3       5.     Should any third party seek access, by request, subpoena or otherwise, to any

4  Insurance Documents or any information contained therein, the United States shall promptly

5  notify Union Pacific.  Union Pacific may then take whatever steps it deems necessary to protect

6  its interests.  The United States shall object to producing such documents and take reasonable

7  steps to not produce the Insurance Documents and/or the information contained therein.

8       6.     Prior to the use of any Insurance Documents or the information contained therein, in

9  connection with any filings with the Court in this action or at any hearing to be held in open

10  court, consistent with paragraphs 1 and 2, above the United States shall provide reasonable

11  notice to Union Pacific and allow Union Pacific the opportunity to object to the disclosure of

12  this said Insurance Documents and/or information in Court filings and/or in open court.  If any

13  issues and/or disagreements with respect to the use of the Insurance Documents and/or the

14  information contained therein cannot be resolved within seven (7) calendar days from the date

15  of first notice of the request to use them/it, then the United States <u>(or any party wishing to file</u>

16  <u>such documents) shall seek leave of Court to file such documents under seal, as provided for by</u>

17  <u>Local Rule 39-141.</u>  ~~shall advise the clerk that such information or documents have been~~

18  ~~designated confidential in accordance with this stipulation and Order and shall request that the~~

19  ~~same be filed in the clerk's office in sealed envelopes or containers labeled with the title and~~

20  ~~docket number of this action, an indication of the nature of the contents and the legend:~~

21                                      **~~CONFIDENTIAL~~**

22       ~~This envelope contains documents that are subject to a Stipulation and Order~~

23            ~~governing the use of confidential material.  Pursuant to Federal Rule of Civil~~

24            ~~Procedure 26(c), the envelope shall not be opened nor the contents thereof displayed or~~

25            ~~revealed (other than to court personnel) except by order of the Court.~~

26

27                      - 4 -

28  10791/0040/617841.1

7.     The provisions of this stipulation shall survive the conclusion of this litigation, whether by settlement, judgment or otherwise, and shall continue in full force and effect.  The Court shall retain jurisdiction over the United States and any other person bound by this Stipulation, to enforce this Stipulation.

8.     The terms of this stipulation may be amended in writing only, or by order of the Court.

IT IS SO STIPULATED.                OFFICE OF UNITED STATES ATTORNEY


Dated: February 14,  2007           By:  /s/ Kendall J. Newman[3]
                                         Kendall J. Newman, Esq.

                                    Attorney for Plaintiff UNITED STATES OF
                                    AMERICA


IT IS SO STIPULATED.                SEVERSON & WERSON
                                    A Professional Corporation


Dated: February 15,  2007           By:  /s/ Ryan C. Donlon
                                         Ryan C. Donlon, Esq.

                                    Attorney for Defendant UNION PACIFIC
                                    RAILROAD COMPANY

_____

[3] Counsel authorized the use of his electronic signature on this electronic filing on February 14, 2007 pursuant to Local Rule 7-131(e).

- 5 -

10791/0040/617841.1

Case No.:  2:06-CV-1740 FCD (KJM)

1

ORDER

2

    As modified above to conform to the Local Rules, IT IS SO ORDERED.

3

Dated:  March 7, 2007.

4

5

6

_____

7

U.S. MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

- 6 -

28

10791/0040/617841.1

Case No.:  2:06-CV-1740 FCD (KJM