Case 2:06-cv-01740-FCD-KJM   Document 39   Filed 05/23/07   Page 1 of 11

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                               No. CIV 06-1740 FCD KJM

    vs.

UNION PACIFIC RAILROAD COMPANY,

    Defendant.                             <u>ORDER</u>

/

        Plaintiff's motion to compel responses to fourteen discovery requests came on regularly for hearing March 7, 2007. Kendall Newman and Kirk Sherriff appeared for plaintiff. Ryan Donlon and Susan Keeney appeared for defendant. As required by the order after hearing filed March 8, 2007, defendant has submitted documents for <u>in</u> <u>camera</u> review and lodged the transcript of the deposition of Robert Dickinson. Plaintiff and defendant each have submitted supplemental briefing on the question of the applicable privilege law. The court has not received any filing on behalf of any third party whose interests could be affected by the court's resolution of the pending motion.

/////

/////

/////

1

Upon review of the documents and the supplemental briefing, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. Background

This action stems from the Storrie Fire, which ignited in a forested area in the Feather River Canyon in the early afternoon of August 17, 2000. Plaintiff alleges that the fire was started by sparks created by the work activities of one of defendant's track maintenance crews; despite the crew's efforts to extinguish the fire, it was not put out and, within a short period of time following the crew's departure from the area, developed into a full scale fire that burned more than 52,000 acres of federal forest land in Plumas and Lassen National Forests. Plaintiff suppressed the fire, and now has sued to recover the costs of its suppression efforts, as well as the costs of current and future rehabilitation and reforestation of the affected forest areas, and lost timber, wildlife, habitat, archaeological resources, and scenic and environmental value. Compl. ¶¶ 6-14. Plaintiff relies on federal and California state law, including federal and state common law. Id. ¶ 1. Jurisdiction is founded on 28 U.S.C. § 1345. Id. ¶ 2.[1] Defendant denies liability for the fire's ignition, and thus its obligation to pay plaintiff's damages. See, e.g., Answer ¶¶ 1, 5, 7, 10.

II. Reliance On Representations of Counsel

Certain representations of counsel made during the March 7th hearing are credited by the court. Plaintiff's counsel agreed that by August 23, 2000, six days after the Storrie Fire at issue in this action, the government had issued a press release assigning liability to plaintiff for the fire's ignition. Since the hearing, defendant's in-house counsel has submitted a declaration

---

[1] Even though plaintiff has not expressly pled jurisdiction under 28 U.S.C. § 1331, its case "arises under federal law" as discussed below, and thus raises federal questions as an independent source of jurisdiction. See Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 12 (1983) (a suit "arises under federal law if some substantial, disputed question of federal law appears on the face of the well pleaded complaint"); cf. North American Phillips Corp. v. Emery Freight Corp., 579 F.2d 229, 233-34 (2d Cir. 1978) (lack of overt reference to federal law not controlling in determining federal jurisdiction).

stating that defendant anticipated litigation "immediately" upon being informed of the start of the fire.  Decl. of Robert C. Bylsma ¶ 5; see also Decl. of Ryan C. Donlon, Ex. A (docket no. 20-4).

Also at the hearing, plaintiff's counsel represented that plaintiff hase been unable to locate two apparent witnesses, Duane Weaver and Eddie Mayle; Mr. Weaver reportedly is deceased and Mr. Mayle homeless.

Defendant's counsel indicated that efforts to locate materials responsive to plaintiff's discovery requests are ongoing; in particular, efforts continue to locate a set of original documents transmitted by defendant to its prior counsel, the law firm of Paul Hastings. Defendant's counsel also stated that it does not object to allowing plaintiff to inspect certain physical evidence, including the signal box located near the fire site, and would have allowed for such an inspection previously if it had known that plaintiff was requesting one; the court's order of March 8th directed defendant to arrange for this inspection promptly.

   III.  Disputed Matters

   A.  Applicable Privilege Law

The parties disagree as to whether the source of the privilege law applicable to their discovery dispute is state or federal law.  Given the differences in the state and federal law of the privileges applicable to the pending motion, the court must resolve this threshold dispute. Federal Rule of Evidence 501 guides the court's determination:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.  However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Fed. R. Evid. 501.  The second sentence of Rule 501 is "properly read as requiring application of state privilege law with respect to a claim or defense as to which State law supplies the rule of

decision where the evidence sought relates to an element of that state law claim or defense." Crowe v. County of San Diego, 242 F. Supp. 2d 740, 746 (S.D. Cal. 2003) (citing to 23 Charles Alan Wright & Kenneth Graham, Jr., Federal Practice and Procedure: Evidence § 5434, at 860-61).

Defendant argues that each of plaintiff's six causes of actions relies on state law, with only the sixth cause of action incorporating reliance on a federal costs statute. Thus, says defendant, the analysis ends there with state law providing the rule of decision and the source of the applicable privileges. In a forest fire recovery action brought by the United States, however, the answer is not so straightforward as defendant would have it.

Federal law supplies the rule of decision when the federal law invoked adopts state law rules. O'Melveny v. Myers v. FDIC, 512 U.S. 79, 85 (1994) (citing for this general proposition United States v. Kimbell Foods, Inc., 440 U.S. 715, 727-29 (1979)); Young v. United States, 149 F.R.D. 199, 201-02 (S.D. Cal. 1993) ("where the state law becomes, in effect, the federal law by incorporation, then federal law supplies the rule of decision"); see also Menses v. U.S. Postal Service, 942 F. Supp. 1320, 1323 (D. Nev. 1996) ("federal law is the 'rule of decision' when state law is absorbed to create federal law").[2] Here, while the right of recovery asserted by plaintiff is created by state law, plaintiff's invocation of that right reflects federal law and is based on its role as the sovereign United States. Compl. ¶¶ 1, 4; see United States v. City and County of San Francisco, 446 F. Supp. 2d 1140, 1145-46 (E.D. Cal. 2006) (resolving motion to dismiss).[3] Thus, the "underlying right . . . derives from federal law." City and County of San

---

[2] In reaching its conclusion, the court in Menses quoted from the Senate-House Conference Report on the adoption of Rule 501, which stated in pertinent part: "When a federal court chooses to absorb state law, it is applying the state law as a matter of federal common law. Thus, state law does not supply the rule of decision (even though the federal court may apply a rule derived from state decisions), and state privilege would not apply." Conf. Rep. No. 1597, 93d Cong., 2d Sess. (1974), reprinted in 1974 U.S.C.C.A.N. 7098, 7101.

[3] In San Francisco, the plaintiff pled causes of action under the same state statutes relied on by plaintiff in this case, and others as well; it also expressly pled reliance on the federal Raker Act, 43 U.S.C. 1701 et seq., 16 U.S.C. §§ 551 and 594, and federal common law with respect to

4

Francisco, 446 F. Supp. 2d at 1146.[4]  Here, where federal law absorbs state law, federal law supplies the rule of decision, and is the source of the privilege law applicable to resolution of plaintiff's motion.

### B.  Waiver With Respect to Privilege Log

Plaintiff requests a determination that defendant has waived its right to withhold responsive documents on grounds of privilege, given defendant's delay in providing a privilege log in the first instance, and the defects in the privilege log ultimately provided by the time of hearing.  Defendant provided its initial discovery responses on January 8, 2007, without providing a privilege log.  On January 12, 2007, during a meet-and-confer session and after plaintiff's counsel pointed out the lack of a privilege log, defendant produced a log, to which plaintiff objected as deficient.  On January 30 and again on February 2, 2007, defendant provided an amended, superseding privilege log.  Plaintiff continues to object that certain required information is not included for certain documents identified on the privilege log.  At hearing, plaintiff's counsel confirmed that he continues to seek a ruling that defendant has waived its privileges.

It is undisputed that defendant has the burden of establishing its right to stand on a privilege as grounds for withholding an otherwise responsive document.  In re Subpoena Duces Tecum, 439 F.3d 740, 750 (D.C. Cir. 2006).  The Federal Rules for some time have required that when a party withholds information on grounds of privilege, that party must describe the information with sufficient particularity to allow the requesting party to assess the applicability of the privilege.  Id. at 750-51 (to meet burden of establishing that information warrants withholding, defendant must present evidence "sufficient . . . to establish the privilege . . . with

---

monetary damages.  See United States v. City and County of San Francisco, Case No. CIV-S-05-1693 DFL GGH (E.D. Cal.) (docket no. 1).

[4]  The court in San Francisco noted that the case of United States v. California, 655 F.2d 914 (9th Cir. 1980), "if still good law," addressed "only the initial filing of a fire suppression cost claim as a condition precedent to bringing suit."  446 F. Supp. 2d at 1145.

reasonable certainty"); Fed. R. Civ. P. 26(b)(5)(A). The requisite detail for inclusion in a privilege log consists of a description of responsive material withheld, the identity and position of its author, the date it was written, the identity and position of all addressees and recipients, the material's present location, and specific reasons for its being withheld, including the privilege invoked and grounds thereof. United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996). On its face, Rule 26 does not require that a requesting party ask for a log of claimed privileges, if one has been prepared; rather it is the responding party's duty to offer one. In evaluating whether a waiver should be found when a party does not provide a privilege log at the same time that responsive information is produced, a court uses the initial due date for a response as a "default guideline," while making a "case-by-case determination," taking into account the following factors:

> the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.

Burlington Northern & Santa Fe Rwy. Co. v. U.S. Dist. Court, 408 F.3d 1142, 1149 (9th Cir.), cert. denied, 126 S. Ct. 428 (2005). The determination should reflect a "holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process." Id. While taking account of applicable local rules and stipulations by the litigants, the exercise is not "a mechanistic determination of whether the information is provided in a particular format." Id.

        In Burlington Northern, the responding party, a sophisticated corporation like defendant here, was found to have waived its privileges when it provided a privilege log five

1  months after its initial responses to discovery requests were due. Id. at 1149-50. Here, where
2  defendant provided an initial privilege log within four days of its initial production, and amended
3  logs in less than a month, the court declines to make a finding of waiver. Defendant is cautioned,
4  however, that the determination made in this instance is not a license to take as long in the future
5  to provide an appropriately detailed log.

    Moreover, while defendant's privilege log has been enhanced over time to improve its utility, plaintiff is correct that the most recent version submitted to the court still does not contain the requisite detail. See Decl. of Kendall J. Newman, Ex. I (docket no. 20-2); cf. Construction Products, 73 F.3d at 473. The court's in camera review of certain documents identified on the privilege log has allowed it to determine which of those documents may be properly withheld. But to ensure that plaintiff has sufficient information to make its own fully-informed assessment of the suitability of other privileges claimed by defendant, defendant will be directed to amend its privilege log for documents still withheld to reflect all of the information required.

### C.  Work Product

The Federal Rules of Civil Procedure provide, in pertinent part, that

> a party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3). As the Ninth Circuit has explained, the work-product rule is not a privilege but a "qualified immunity" affording special protections for "work-product that reveals an attorney's mental impressions and opinions." Admiral Insurance Company v. U.S. District

Court, 881 F.2d 1486, 1494 (9th Cir. 1989). While the rule is intended to "prevent exploitation of a party's efforts in preparing for litigation," "when a party makes a substantial showing that he is unable through his efforts to obtain needed information, the balance of equities shifts in favor of disclosure. . ." Id.

Here, defendant has submitted for in camera review one page withheld under the work-product rule, UPRR STOR 377. The page reports an interview with Eddie Mayle, without recording mental impressions or opinions. Plaintiff's counsel has represented that he has been unable to locate Mr. Mayle. The document should be produced.

D. Settlement Privilege

The Federal Rules do not recognize a distinct privilege protecting documents generated during settlement discussions from disclosure. Rather, if documents sought are likely to lead to the discovery of admissible evidence, they may be discovered, subject to later limits on admissibility at trial. Fed. R. Civ. P. 26; Fed. R. Evid. 408. As plaintiff points out, the Federal Rules of Evidence contemplate the potential admissibility of certain information regarding settlement discussions for limited purposes, not including the establishment of liability. Permissible purposes can include "proving a witness's bias or prejudice; negating a contention of undue delay . . .," Fed. R. Evid. 408(b), as well as notice, United States v. Austin, 54 F.3d 394, 400 (7th Cir. 1995), bad faith, Athey v. Farmers Ins. Exchange, 234 F.3d 357, 362 (8th Cir. 2000), and intent with respect to scope of a settlement release provision, Coakley & Williams v. Structural Concrete Equip., 973 F.2d 349, 353-54 (4th Cir. 1992).

Neither the Supreme Court nor the Ninth Circuit have recognized a blanket settlement privilege as a matter of federal common law.[5] In determining whether a settlement

---

[5] The Sixth Circuit has recognized a settlement privilege. See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 983 (6th Cir. 2003). The Seventh Circuit has addressed the question and found none. In re General Motors Corp. Engine Interchange Litigation, 594 F.2d 1106, 1124 (7th Cir. 1979). District court decisions, in these circuits and elsewhere, reflect a range of positions with no consensus. See In re Subpoena Issued to Commodity Futures Trading Comm'n, 370 F. Supp. 2d 201, 208-10 & nn. 9-14 (D.C.Cir. 2005)

privilege is appropriate, if not established, the court considers the "general rule [] that the public is entitled to every person's evidence and that testimonial privileges are disfavored." Folb v. Motion Picture Industry Pension & Health Plans, 16 F. Supp. 2d 1164, 1171 (C.D. Cal. 1998), aff'd, 216 F.3d 1082 (9th Cir. 2000). Thus there is a "primary assumption that there is a general duty to give what testimony one is capable of giving." Id. Exceptions may be justified by a "public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth." Id. (citation omitted). After assessing whether such a "public good" was present in Folb, a case involving attempts to discover documents including those relating to a formal mediation with a neutral mediator, the court found a mediation privilege applicable to "information disclosed in conjunction with mediation proceedings with a neutral." Id. at 1180. While clarifying that the privilege operated to preclude disclosure of "communications in preparation for and during the course of a mediation with a neutral," the court observed that "[t]o protect settlement communications not related to mediation would invade Rule 408's domain; only Congress is authorized to amend the scope of protection afforded by Rule 408." Id. The court in Folb left open the question whether all settlement communications not related to formal mediation should be compelled upon a party's motion.

        This court agrees with the court in Folb, that it is not in a position to rewrite Rule 408 to automatically protect from discovery all documents generated during or upon conclusion of settlement discussions. At the same time, Rule 408, read in conjunction with Federal Rule of Civil Procedure 26, does not require that production of all settlement communications be compelled. Rather, to determine what subset of settlement communications should be produced during discovery, the court looks to the exceptions of Rule 408, to determine whether any documents might be admitted to prove a witness's bias or prejudice, or negate a contention of undue delay, Fed. R. Evid. 408(b), and those recognized by common law, to determine whether

---

(assembling cases).

documents might be admitted to prove notice, bad faith or scope of intent to release. Austin, 54 F.3d at 400; Athey, 234 F.3d at 362; Coakley & Williams, 973 F.2d at 353-54. More generally, Rule 26 focuses the court's determination on whether any communications are likely to lead to the discovery of other admissible evidence, given the nature of the parties' dispute. In light of Folb, 16 F. Supp. 2d at 1180, the court also reviews the communications to determine whether any were prepared for or in the course of a formal mediation, which this court construes to include a court-ordered settlement conference.[6]

Applying this approach in a careful review of the documents submitted by defendant for in camera review leads this court to conclude that all of these documents should be disclosed to plaintiff. A few documents appear on their face to be public records, which, even if attached to purported settlement communications, should not have been withheld in the first instance. Certain other documents could be admitted to prove bias or prejudice or scope of intent to release; this characterization applies most aptly to the settlement agreement entered into with PG&E, which contains release and cooperation clauses. Moreover, this settlement agreement contains a confidentiality provision requiring defendant's counsel to have given notice to PG&E immediately upon plaintiff's filing of its motion to compel. It is noteworthy that PG&E has not appeared in this matter to oppose release of the agreement.[7] None of the other documents reflect that it was prepared in connection with a formal mediation or court-ordered settlement conference. All of the documents are likely to lead to the discovery of other admissible evidence, given that they identify possible witnesses and primary documents related to the Storrie Fire.

---

[6] See Local Rule 16-270(d) (settlement conference statements deemed confidential).

[7] Given that an agreement was reached with PG&E, documents related to the settlement discussions between defendant and PG&E do not raise the concerns articulated in Cook v. Yellow Freight, 132 F.R.D. 548 (E.D. Cal. 1990); in Cook, which was not a forest fire recovery case brought by the United States, no settlement was ever reached. Even though it is not clear whether defendant reached a final settlement with other persons identified in other documents submitted for in camera review, none of these other documents raises the concern regarding "puffing and posturing" expressed by the court in Cook, 132 F.R.D. at 544.

Any risk of misuse at trial is properly addressed by motions <u>in</u> <u>limine</u>.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to compel is granted as to interrogatory numbers 1 (except as to expert disclosures not yet due), 3 and 8, and requests for production of documents 1, 2, 4, 13, 14, 17, 29, 34, 36, 38 and 42.

2. Defendant is directed to supplement its privilege log to include, for all documents properly withheld, all information prescribed in <u>United States v. Construction Products Research, Inc.</u>, 73 F.3d 464, 473 (2d Cir. 1996).

3. Defendant shall produce to plaintiff, for copying and inspection, all documents submitted for <u>in</u> <u>camera</u> review.

4. Any witnesses deposed prior to the expert disclosure, whose witness statements are withheld by defendant on the basis of the work product doctrine and subsequently provided to experts, may be redeposed prior to the depositions of said experts.

5. Defendant shall comply with 1 through 3 above within ten days of the filed date of this order.

DATED: May 23, 2007.

_____
U.S. MAGISTRATE JUDGE

006/us-uprr.icr

11